NORTHERN PAC. R. CO. *v.* BARNESVILLE & M. R. CO. and others.

*(Circuit Court, D. Minnesota. ——, 1880.)*

1. BRIDGE—NAVIGABLE RIVER—NUISANCE—INJUNCTION.—A preliminary injunction to restrain the erection of a bridge across a navigable river will not be allowed, where it is shown that such bridge will not be an obstruction necessarily amounting to a nuisance.

Application of plaintiff for preliminary injunction to restrain defendants from erecting a draw-bridge across the Red river of the north.

*Gilman & Clough,* for the application.

*Bigelow, Flandrau & Clark, Geo. B. Young,* and *R. B. Galusha,* against.

NELSON, D. J. It is not clear to my mind that the complainant can maintain this suit in which an injunction is prayed. The Northern Pacific Railroad Company was chartered to construct and operate a railroad from Lake Superior to the Pacific ocean. The authority to build a road between these two points, thus giving almost a continuous route of transportation east and west across the continent, gave the chief value to its franchises. The road was not to be built for the purpose of securing the trade upon the navigable waters it crossed on its route, although the navigation of these waters might increase its revenues, and I am not fully satisfied that this navigation is so important that the value of the railroad would be seriously injured by anything that obstructed it. But, concede that an obstruction to the navigation of the Red river of the north, a navigable river which it crosses, would seriously impair the value of the road and affect, injuriously the private interests of the company so that it could enjoin such obstruction, the question is then presented, will the contemplated bridge, to be erected by the said defendants, be an obstruction and a nuisance?

If it will be a nuisance to the company, no legislative authority for its construction by the state of Minnesota would justify its erection, and no authority from the legislature of

Dakota territory could prevent its abatement as a nuisance unless sanctioned, perhaps, by the congress of the United States. It is doubtful whether the bridge is authorized to be built by the legislature of the territory of Dakota, but this point it will only be proper, in my opinion, to consider when an objection to its construction is made by the United States. The state of Minnesota, if it objects, can be heard in its own courts. An examination of the affidavits filed by the defendants shows that the bridge will not be an obstruction necessarily amounting to a nuisance, and following the principle adopted by the United States supreme court in the *Wheeling Bridge Case*, as I understand it, I shall not interfere with the erection of the bridge proposed by the defendants at this time. They may take the responsibility of its construction, and if it should be settled after it is built that it is a nuisance, and injuriously affects the complainant's private interest, it will be abated.

Motion for injunction denied.